UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JORGE CCAPACCA-GAMARRA,

Petitioner,

v. Case No. 2:26-cv-2755-KCD-KRH

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.
_______________________________/

**ORDER**

Petitioner Jorge Ccapacca-Gamarra was provided with a bond hearing under 8 U.S.C. § 1226(a) on August 26, 2026. (Doc. 7-1 at 14-18.)[1] He now argues that those proceedings were constitutionally inadequate and asks the Court to release him or order a new hearing. (Doc. 1.) The Government opposes the petition. (Doc. 7.)

The Government must bear the burden of proof at a bond hearing to pass constitutional muster. *See Tejada v. Powell*, No. 7:26-CV-01111-MHH-NAD, 2026 WL 2240991 (N.D. Ala. July 29, 2026). "In sum, detainees' fundamental liberty interest is severely impacted by placing the burden of proof on them, while the government's interests are minimally affected by

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

assigning the burden of proof to the government. Therefore, due process requires placing the burden of proof on the government." *Id.* at *8. Here, the burden was placed on Ccapacca-Gamarra. (*See* Doc. 7-1 at 14-15.)

Ccapacca-Gamarra also argues that he is entitled to release because his detention has become unconstitutionally prolonged under the Fifth Amendment. The Court cannot agree. Ccapacca-Gamarra's "detention will not be indefinite, but rather will have a definite termination point when [his] immigration proceeding concludes." *Camargo v. Warden*, No. 0:26-CV-62130, 2026 WL 2723424, at *3 (S.D. Fla. Aug. 26, 2026). Ccapacca-Gamarra "has received a bond hearing, and [he] has not been detained for a year. [His] detention does not violate [his] right to substantive due process." *Id.*

Because Ccapacca-Gamarra's bond hearing was constitutionally insufficient on the current record, the habeas petition (Doc. 1) is **GRANTED IN PART**. Within ten days of this order, the Government shall either bring Ccapacca-Gamarra for an individualized bond hearing before an immigration judge or release him under reasonable conditions of supervision. To satisfy this order, the Government must bear the burden of proof to justify continued detention. *Laborde Casallas v. Ripa*, No. 2:26-CV-02137-SPC-KRH, 2026 WL 2162793, at *2 (M.D. Fla. July 28, 2026). The habeas petition is otherwise denied. The Clerk is directed to deny all pending motions and close this case.

**ORDERED** in Fort Myers, Florida on November 2, 2026.

Kyle C. Dudek
United States District Judge